UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NATHANIEL LEE WILLIAMS,

    Plaintiff,

v.                                                                      06-3158

DR. WILLARD ELYEA,
DEBRA FUQUA,
DR. LOWELL BROWN,

    Defendants.

### Case Management Order #2 (Scheduling)

All Defendants have been served and have filed Answers. There are three pending motions, but no hearing is required on them. Accordingly, the hearing scheduled for January 10, 2007, has been cancelled, and this case management order will enter.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion (d/e 18) to vacate the court's order granting the Defendants' motion for a HIPAA protective order is denied. The HIPAA protective order is not a ruling on the merits of the case. The order only governs disclosure and use of certain health information in according with the law.

2) Plaintiff's motion (d/e 17) for an extension to file opposition to the HIPAA order is denied as moot.

3) Plaintiff's motion for an injunction–to be permitted to obtain stamped envelopes, paper, and timely copies during lockdown–is denied (d/e 21). First, the plaintiff's opposition to the HIPAA order has been considered and is without merit, as explained above. Therefore, his inability to timely file his opposition to the HIPAA order has not hurt his case. Second, "prison administrators . . ., and not the courts, [are] to make the difficult judgments concerning institutional operations." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 128 (1977). A blanket order directing provision of these supplies during all lockdowns, regardless of the circumstances, would violate that principle. If the plaintiff is unable to file meritorious motions or oppositions to motions because of lockdowns, the court will take that into consideration if brought to the court's attention.

      4)  Plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by February 28, 2007.

      5)  The defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by March 30, 2007.

      6)  Discovery closes April 30, 2007.  The plaintiff's incarceration limits him to written discovery.  Written discovery must be served on a party at least 30 days before the discovery deadline.  Discovery requests are not filed with the court, unless there is a dispute regarding such discovery.  *See* CDIL-LR 26.3.  Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response.  Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

      7)      Dispositive motions are due May 31, 2007.

      8)      A final pretrial conference is scheduled for November 14, 2007 at 1:30 p.m. by video conference.

      9)      A jury trial is sheduled for December 13, 2007, at 9:00 a.m., by personal appearance before the Court at 201 South Vine, Urbana, Illinois.

Entered this <u>27th</u> Day of <u>December</u>, 2006.

                                      **s\Harold A. Baker**

                                      HAROLD A. BAKER
                            UNITED STATES DISTRICT JUDGE